December, 1824.

## Cotton *against* Lane and White.

In an action on a
note payable to
two persons, evi-
dence that they
were then trans-
acting business in
partnership with
a third who is yet
alive, &c., is not
admissible.

JUDGE *Minor* delivered the opinion of the Court.

*Edmund Lane* and *David White* declare in assumpsit on a promissory note of *Cotton*, made payable to them by the names of *Lane* and *White*. On the trial in the Circuit Court, on the general issue, a bill of Exceptions was taken, which sets out a copy of the note given in evidence, and that the defendant offered evidence to prove that *John B. Norris*, at date of the note, was a copartner of *Lane* and *White*, and was yet alive; which evidence the Court rejected. This is understood to be the only matter relied on by plaintiffs in Error.

It is clear that in actions on contracts with partners, all the partners (secret as well as public,) who are living must join as plaintiffs; that on the general issue on such a con-tract the defendant may give in evidence that there is a partner living who is not joined in the action; and on such evidence the plaintiffs, having sued in a right in which ano-ther person was entitled together with them, must be non-suited, or there must be a verdict against them. But it is in this case equally clear that *Cotton*, by the execution of the note, has acknowledged the money to be due to the plaintiffs below, and promised to pay it to them in their se-parate right. *Lane* and *White*, by their partnership with *Norris*, were not necessarily excluded from all dealings ex-

cept on the joint account of all three.  If the rights of Norris should be infringed by the other members of the copartnership improperly taking securities payable to themselves separately, or otherwise appropriating the effects of the copartnership to their separate benefit, redress would be afforded on *his application* to the proper tribunal.  But surely it is not for *Cotton* to allege that the money, which by his deliberate act he has acknowledged to be due to two persons, is not due to them only, but to another along with them ; and that his undertaking is to have an effect different from the express terms in which he has made it.  To sustain the position now contended for on the part of the plaintiff in Error, we must in effect declare that whenever any member of a partnership seeks a recovery on a written contract, which on its face appears to have been made with him in his separate right, he must be prepared with other testimony than the writing affords to prove that which the party to be charged has by his note expressly acknowledged.

It is the unanimous opinion of the Court that the Circuit Court rightly rejected the testimony offered, and that the judgment be affirmed.